**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DANIEL L. GULICK, on behalf of himself and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| **v.** | ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,** | ) | |
| **Defendant.** | ) | |

# CLASS ACTION COMPLAINT

Plaintiff Daniel Gulick ("Plaintiff"), brings this class action on behalf of himself and all others similarly situated, by and through undersigned counsel, and for his Complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") states and alleges as follows:

## INTRODUCTION

1. This is a class action in which Plaintiff seeks to represent State Farm insureds in Kansas who received a payment for the loss of a totaled vehicle where State Farm used valuation reports prepared by Audatex North America, Inc. ("Audatex") to determine the actual cash value of the loss vehicles. Under the terms of its insurance policies, State Farm has a duty to pay, and represents that it does pay, the actual cash value of a loss vehicle when adjusting total loss claims. By using Audatex valuation reports, State Farm systemically thumbs the scale against its insureds when calculating the actual cash value of their loss vehicles by applying so-called "Typical Negotiation Adjustments."

2. Instead of using the internet list price of comparable vehicles, State Farm improperly reduces that price, and in turn the valuation amount, by applying Typical Negotiation

Adjustments without any documentation that the assumed discount was available. These adjustments are based on the factually erroneous assumption that, during the Class period, insureds would be able to negotiate a reduction in the list price of comparable used automobiles, which during the Class period would be highly atypical and contrary to the modern used car industry's market pricing and inventory management practices.

3. The adjustments also are contrary to appraisal standards and methodologies that do not permit arbitrary adjustments not based on observed and verifiable data. The impropriety and arbitrariness of State Farm's Typical Negotiation Adjustments are further demonstrated by the fact that: (a) they are not applied by the major competitor of State Farm's vendor Audatex; and (b) not applied by State Farm to insureds in other states, including California.

4. This pattern and practice of undervaluing comparable and total loss vehicles when paying automobile total loss claims through the systemic use of these factually erroneous adjustments, which benefits the insurer at the expense of the insured, violates State Farm's policies with its insureds.

## JURISDICTION AND VENUE

5. Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiff and the proposed Class members are citizens of the State of Kansas. Defendant is an Illinois Corporation that has its corporate headquarters in Bloomington, IL 61710, and, at all relevant times hereto, was engaged in the business of automobile insurance.

6. Plaintiff estimates that there are more than 100 putative Class members, and the aggregate compensatory damages (in the amount of the Typical Negotiation Adjustments that were

deceptively deducted) claimed by Plaintiff and the Class are estimated in good faith to exceed $5,000,000.

7. Venue is proper in this District under 28 U.S.C. § 1391, as a substantial portion of the conduct giving rise to Plaintiff's claims occurred in this District. Defendant transacts business and resides in this District.

**PARTIES**

8. Plaintiff Daniel Gulick resides in Russell County and is a citizen of the State of Kansas. At all relevant times hereto, Plaintiff Gulick was contracted with State Farm for automobile insurance. On or about May 18, 2021, Plaintiff Gulick's insured vehicle was deemed a total loss.

9. Defendant State Farm Mutual Automobile Insurance Company is an automobile insurance company that owns numerous offices throughout the United States, including the State of Kansas. Defendant State Farm's corporate headquarters are located at One State Farm Plaza, Bloomington, IL 61710. Defendant State Farm conducts business in Kansas through insurance agents and other company personnel.

**FACTUAL ALLEGATIONS**

10. Plaintiff Gulick owned a 2015 Ford Explorer that was deemed a total loss on or around May 18, 2021.

11. Like all members of the Class, Plaintiff Gulick made a first-party property damage claim with State Farm.

12. Like all members of the Class, State Farm declared Plaintiff Gulick's vehicle to be a total loss.

13. Pursuant to the terms of his contract, which are, and have been, substantively identical for all members of the putative Class during the Class period, State Farm elected to pay Plaintiff the actual cash value of his insured vehicle.

14. When calculating its valuations and claims payments, State Farm systemically employs a routine "total loss settlement process." The process has no material differences relevant to this action.

15. This process involves obtaining a "Market-Driven Valuation" report from Audatex (in which State Farm chooses to apply Typical Negotiation Adjustments), and then using and relying upon the valuation provided to determine the benefit payment under the insured's policy.

16. State Farm provided a Market-Driven Valuation to Plaintiff on are around May 22, 2021. *See* Exhibit 1.

17. State Farm valued Plaintiff Gulick's total loss claim at $16,816.00[1] and paid Plaintiff that amount.

18. To arrive at that valuation, the Market-Driven Valuation report provided the prices of four different comparable vehicles advertised for sale online and applied a Typical Negotiation Adjustment of approximately 5% to each one. Exhibit 1 at pp. 6-7.

19. The use of the Typical Negotiation Adjustment to adjust Plaintiff's total loss claim downward violates the applicable insurance policy in that these adjustments are unfounded, are factually erroneous, and result in State Farm paying Plaintiff less than the actual cash value of his total loss vehicle that he was entitled to by contract.

20. In truth, State Farm's Typical Negotiation Adjustments do not reflect market realities and run contrary to customary automobile dealer practices and inventory management,

[1] This amount is not inclusive of tax, title, and transfer fees.

where list prices are priced to market to reflect the intense competition brought about by consumers' ability to comparison shop for used vehicles online. During the Class period, a negotiated price discount would be highly atypical and therefore is not proper to include in determining actual cash value. The inclusion of this significant downward adjustment simply because "[t]he selling price ***may*** be substantially less than the asking price" is particularly improper in the context of this action. Exhibit 1 at p. 6 (emphasis added). Insureds who have suffered a total loss of their vehicle and need to procure a replacement have limited time to search out the illusory opportunity to obtain the below-market deal State Farm assumes, wrongly, to always exist.

21. Moreover, State Farm's Typical Negotiation Adjustments are contrary to appraisal standards. There are multiple generally-recognized and acceptable methodologies for determining actual cash value, including use of comparable vehicles. State Farm begins the process of valuing loss vehicles using a comparative methodology, but improperly deviates from that process by thumbing the scales against its insureds. State Farm documents the loss vehicle's and each comparable vehicle's mileage, options, and trim, which are compared in the report, and makes dollar adjustments accordingly. Plaintiff does not challenge these documented adjustments. At this stage of the process, State Farm abandons the comparative methodology and applies adjustments that are contrary to proper appraisal methodologies for determining actual cash value. Appraisers use advertised prices and only make adjustments based on observed and verifiable data; appraisal standards do not permit arbitrary adjustments from the advertised price based upon undocumented and unverifiable projections and assumptions.

22. The impropriety and arbitrariness of State Farm's Typical Negotiation Adjustments are further demonstrated by the fact that Audatex's primary competitor in providing valuation

reports to insurance companies—CCC Intelligent Solutions—does not apply these adjustments. Instead, CCC Intelligent Solutions uses list prices.

23. The impropriety and arbitrariness of State Farm's Typical Negotiation Adjustments are further demonstrated by the fact that it does not apply these adjustments when valuing total losses in California. There is no justification for applying these adjustments when valuing total losses in Kansas while not subjecting California claimants to the same negative adjustments.

24. Plaintiff Gulick and each member of the putative Class were damaged by State Farm's application of these Typical Negotiation Adjustments because they were not paid the actual cash value they would have received had State Farm applied proper methodologies and appraisal standards consistent with its contractual obligations and representations.

25. Were it not for this improper, factually erroneous adjustment, the "Market Value" in each valuation report would have been higher, resulting in a higher payment to insureds for actual cash value. Specifically, were it not for this unfounded, factually erroneous adjustment, State Farm's payment of actual cash value to Plaintiff Gulick would have been $882.75 higher,[2] before adding the related increase in payments for applicable sales taxes.

## CLASS ACTION ALLEGATIONS

26. This action is brought by Plaintiff as a class action, on his own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, for damages, plus interest, costs, and attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of the following class (the "Class"):

> All persons insured by a contract of automobile insurance issued by State Farm Mutual Automobile Insurance Company to a Kansas resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-

[2] $882.75 is the average of the Typical Negotiation Adjustments applied to each of the four comparable vehicles in Plaintiff Gulick's valuation report.

party total loss valuation and payment that included a downward adjustment premised on a "Typical Negotiation Adjustment" or similar adjustment.

27. Excluded from the Class is Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

28. **Numerosity (Rule 23(a)(1)).** The exact number of members of the Class, as herein identified and described, is not known, but it is estimated to be over ten thousand. Accordingly, the Class is so numerous that joinder of individual members herein is impracticable.

29. **Commonality (Rule 23(a)(2)).** There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class, and the relief sought is common to the entire Class. In particular, the common questions of law and fact include:

a. Whether State Farm systemically applied Typical Negotiation Adjustments or substantially similar adjustments to calculate the value of total loss vehicles;

b. Whether, through the above referenced practice, State Farm failed to pay its insureds the actual cash value of their loss vehicles;

c. Whether, through the above referenced practice, State Farm breached its contracts with its insureds; and

d. Whether Plaintiff and members of the Class are entitled to compensatory damages in the amount of the invalid adjustment applied to Plaintiff's and each Class member's valuation.

30. **Typicality (Rule 23(a)(3)).** The claims of the Plaintiff, who is representative of the Class herein, are typical of the claims of the proposed Class in that the claims of all members of the proposed Class, including the Plaintiff, depend on a showing of the same acts of State Farm,

giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

31. **Adequacy (Rule 23(a)(4)).** The named Plaintiff is a representative party for the Class, and is able to, and will fairly and adequately, protect the interests of the Class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

32. **Predominance & Superiority (Rule 23(b)(3)).** Class certification is appropriate under Rule 23 because the common questions of law and fact in this case predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

33. **Particular Issues (Rule 23(c)(4)).** Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(c)(4). His claim consists of particular issues that are common to all members of the Class and are capable of class-wide resolution that will significantly advance the litigation.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

34. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

35. State Farm's insurance contract with its insureds provides coverage for the total loss of a vehicle on the basis of actual cash value or replacement with another of like kind and quality. Moreover, in determining the actual cash value of a total loss vehicle, State Farm must consider the vehicle's fair market value at the time of loss.

36. Through the use of improper and unfounded Typical Negotiation Adjustments in Audatex Market-Driven Valuation reports, State Farm handled, adjusted, and paid Plaintiff Gulick's claim, and the claims of the members of the Class, in an amount less than the actual cash value required by State Farm's insurance contracts.

37. State Farm's breaches have resulted in a systemic failure to pay the actual cash value of total loss vehicles as required under the contract.

38. In addition to the express terms of the contract, the law implies a promise between the parties that they will act in good faith and deal fairly with one another in performing their obligations under the contract and that they will not do anything to prevent or hinder or delay the performance of the contract. Through the use of improper and unfounded Typical Negotiation Adjustments in Audatex Market-Driven Valuation reports, State Farm failed to act in good faith and did not deal fairly, but instead paid Plaintiff Gulick's claim, and the claims of the members of the Class, in an amount less than the actual cash value required by State Farm's insurance contracts.

39. State Farm's breaches of contract and violations of law have caused damages to Plaintiff Gulick and members of the Class. Plaintiff Gulick and proposed Class members' damages include the amounts improperly deducted by State Farm from the insureds' payments on the basis of a Typical Negotiation Adjustment. Specifically, Plaintiff Gulick's compensatory damages are $882.75, exclusive of the taxes and fees owed on that amount.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

40. An actual case and controversy within the meaning of 28 U.S.C. § 2201, which may be adjudicated by this Court, exists between Plaintiff and proposed Class members, and the Defendant. Specifically, a dispute between Plaintiff and the proposed Class and State Farm is before this Court concerning the construction of the auto insurance policies issued by Defendant and the rights arising under that policy.

41. Plaintiff, for himself and on behalf of the Class, seeks a declaration of rights and liabilities of the parties herein. Specifically, Plaintiff is seeking a declaration that in paying total loss claims with first-party insureds, it is a breach of the insurance contract with State Farm for State Farm to base the valuation and payment of claims on values of comparable vehicles that have been reduced by Typical Negotiation Adjustments that are based on factually erroneous assumptions and contrary to appraisal standards and methodologies.

42. State Farm's unlawful common policy and general business practice as described herein are ongoing. Accordingly, State Farm has breached, and continues to breach, the express terms of its contracts of insurance with Plaintiff and members of the Class requiring it to settle total loss claims on the basis of the total loss vehicle's actual cash value.

43. As a result of these breaches of contract, Plaintiff and the proposed Class members have been injured. Plaintiff's and proposed Class members' damages include the amounts illegally and improperly deducted by State Farm from the insureds' payments.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint undersigned counsel as Class Counsel;

b) enter an order finding that State Farm's actions described herein constitute a breach of contract;

c) enter a declaratory judgment that in paying total loss claims with first-party insureds, it is a breach of the insurance contract with State Farm for State Farm to base the valuation and payment of claims on values of comparable vehicles that have been reduced by Typical Negotiation Adjustments;

d) enter an order enjoining State Farm from basing the valuation and payment of claims on values of comparable vehicles that have been reduced by Typical Negotiation Adjustments;

e) enter an order requiring State Farm to pay compensatory damages to Plaintiff and all members of the putative Class in the amount of 100% of the proceeds that State Farm wrongfully deducted from its insureds' payments in the form of Typical Negotiation Adjustments and related underpayment of taxes;

f) award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

g) award reasonable attorneys' fees and costs pursuant to applicable law; and

h) grant such other legal and equitable relief as the Court may deem appropriate.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 East 21st St. N., Suite 450
Wichita, KS 67206-2936
Tel: (316) 262-4000
randy@depewgillen.com

*Counsel for Plaintiff and the Proposed Class*

**JURY DEMAND**

Plaintiff and members of the Class hereby request a trial by jury.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 East 21st St. N., Suite 450
Wichita, KS 67206-2936
Tel: (316) 262-4000
randy@depewgillen.com

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff and members of the Class hereby designate Kansas City, Kansas, as the place of trial.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 East 21st St. N., Suite 450
Wichita, KS 67206-2936
Tel: (316) 262-4000
randy@depewgillen.com